**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Alberto Berrones, ) | No. CV 15-018-TUC-JAS (LAB) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Charles L. Ryan; et al., ) | |
| Respondents. ) | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on January 15, 2015, by Francisco Alberto Berrones, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Trial counsel was not ineffective in his handling of Berrones's change of plea. Alleged errors that occurred prior to his change of plea cannot be the basis for habeas relief.

Summary of the Case

Berrones pleaded guilty, on the fourth day of trial, to "two counts of sale and/or transfer of a narcotic drug, three counts of possession of a narcotic drug for sale, and one count of possession of drug paraphernalia." (Doc. 16-1, p. 3) He was sentenced to concurrent prison terms, the longest of which was a presumptive term of 9.25 years. *Id*.

Berrones filed a notice of appeal, which was construed by the trial court as a notice of post-conviction relief. (Doc. 16-1, p. 10) His post-conviction relief proceeding, however, did not proceed smoothly. All told, three different attorneys separately reviewed the record, each concluding there were no meritorious issues to be raised. (Doc. 16-1, pp. 10-11) Berrones filed a petition pro se on January 17, 2013. (Doc. 16-1, p. 11) The trial court denied the petition ruling that trial counsel was not ineffective in his handling of Berrones's change of plea and Berrones himself was competent to enter a plea of guilty. (Doc. 16-1, p. 12)

Berrones appealed arguing (1) trial counsel was ineffective for (a) failing to seek the exclusion of evidence on 4th Amendment grounds (b) failing to investigate a violation of his 6th Amendment rights, (c) failing to adequately impeach a witness based on his inconsistent statements, (d) failing to investigate potential evidence tampering, (e) failing to move for a mental exam to show he was not competent to stand trial or for use as mitigating evidence at sentencing, (f) failing to request a mitigation hearing, and (g) providing him with erroneous advice and encouraging him to plead guilty because Berrones was out of money and (2) his trial should have been severed from his codefendant's. (Doc. 16-1, pp. 4-5) The Arizona Court of Appeals granted review but denied relief on July 15, 2014. (Doc. 16-1, p. 2)

On January 15, 2015, Berrones filed the pending petition for writ of habeas corpus. (Doc. 1) He claims (1) trial counsel was ineffective for (a) "failure to obtain psychological evaluation," (b) "failure to contest tampered evidence," (c) "failure to contest perjured testimony," (d) "conflict of interest for lack of payment," (e) "plea bargain not reduced to writing nor fully explained," and (f) "failure to move for mitigation hearing," (2) the police engaged in misconduct during their investigation, (3) Detective Miller gave false testimony at trial, (4) evidence introduced at trial had been tampered with, (5) the prosecution committed misconduct by tampering with evidence, delaying discovery, and allowing false testimony to be presented at trial, (6) counsel was ineffective at sentencing and he was confused about the content of the plea agreement, (7) his trial should have been severed from his codefendant's, and (8) his post-conviction relief attorneys were ineffective for failing to secure a complete record. (Doc. 1)

- 2 -

In their answer, the respondents argue Claim (8) is procedurally defaulted as well as all claims that do not pertain to the voluntariness of his guilty plea. (Doc. 16, pp. 5-6) They argue the remaining ineffective assistance of counsel (IAC) claims should be denied on the merits. (Doc. 16) Berrones filed a reply on June 18, 2015. (Doc. 17)

The court finds all claims alleging error that occurred prior to Berrones's guilty plea are not cognizable. The court addresses the remainder of Berrones's claims on the merits. The court does not reach the respondents' procedural default arguments.

Discussion: Cognizability

Claims (1)(b), (1)(c), (2), (3), (4), (5), and (7) allege errors that occurred before Berrones pleaded guilty. These errors are not cognizable in habeas corpus.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*.

Here, Berrones claims that various constitutional errors occurred prior to his guilty plea. These claims are not cognizable. *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608.

The court will consider the remaining claims on the merits. His ineffective assistance of counsel claims will be analyzed only where Berrones alleges counsel's performance affected his decision to plead guilty or his sentence. *See Lambert v. Blodgett*, 393 F.3d 943, 979-980 (9th Cir. 2004) ("In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty.").

Discussion: Merits

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is

in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] Court's decisions." *Id.* A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Id.* at 1377.

A decision is an "unreasonable application of" Supreme Court precedent only if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified)

Discussion

In Claim (1)(a), Berrones argues counsel was ineffective for failing to seek a psychological evaluation. Berrones does not explicitly explain why he believes he was

1 prejudiced by counsel's failure. Perhaps he is arguing he would not have pleaded guilty had he
2 been in his right mind.

3       To succeed on an ineffective assistance claim, the habeas petitioner must prove "his
4 counsel's performance was deficient in violation of the Sixth and Fourteenth Amendments" and
5 "he was prejudiced by counsel's deficient performance." *Clark v. Arnold*, 769 F.3d 711, 725
6 (9th Cir. 2014).

7       "Counsel is constitutionally deficient if the representation fell below an objective
8 standard of reasonableness such that it was outside the range of competence demanded of
9 attorneys in criminal cases." *Clark*, 769 F.3d at 725 (punctuation modified). "Judicial scrutiny
10 of counsel's performance must be highly deferential." *Id.* "When evaluating counsel's conduct,
11 [the court] must make every effort to eliminate the distorting effects of hindsight, and to
12 evaluate the conduct from counsel's perspective at the time." *Id*.

13       "A defendant is prejudiced by counsel's deficient performance if there is a reasonable
14 probability that, but for counsel's unprofessional errors, the result of the proceeding would have
15 been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence
16 in the outcome." *Id.* In a case such as this one, "in order to satisfy the 'prejudice' requirement,
17 the defendant must show that there is a reasonable probability that, but for counsel's errors, he
18 would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474
19 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

20       The state court of appeals considered this claim on the merits and denied it. The court
21 explained that while Berrones asserted he had psychological problems, he did not identify
22 anything in the record in support of his argument that counsel knew or should have known he
23 was mentally impaired. (Doc. 16-1, p. 6); *see also* (Doc. 16-2, pp. 27-28) The presentence
24 report stated that Berrones suffered from depression, but it also stated he was receiving
25 medication for that condition and "he thought the medication was working." (Doc. 16-1, p. 6)
26 (punctuation modified)  While Berrones stated "he was found incompetent in another case
27 number, he [did] not assert counsel was aware of this fact nor identify anything in the record
28 suggesting counsel should have been aware of it." (Doc. 16-1, p. 6)

- 5 -

In his reply brief, Berrones asserts in a conclusory fashion that the same evidence that caused his post-conviction relief counsel to have him evaluated was before his trial counsel. (Doc. 17, p. 3)  He does not, however, state what that evidence was or explain what in the record supports his assertions.  Moreover, even if he did so, his claim is limited to the facts and law provided to the state court in the first place. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) ("The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis.").

Berrones has not shown trial counsel's performance was deficient. The decision of the Arizona Court of Appeals denying relief on this claim was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d).

Berrones further argues in Claim (1)(d) that counsel labored under a conflict of interest because he wanted Berrones to pay him more money, and Berrones was unable to do so.

"To prove an [ineffective assistance of counsel] claim premised on an alleged conflict of interest, a petitioner must establish that an actual conflict of interest adversely affected his lawyer's performance." *Washington v. Lampert*, 422 F.3d 864, 872 (9th Cir. 2005) (punctuation modified).  "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.*  "The client must demonstrate that his attorney made a choice between possible alternative courses of action that impermissibly favored an interest in competition with those of the client." *Id*.

Berrones argues first that an actual conflict of interest existed because counsel believed he was entitled to more money, which Berrones could not pay.  Accordingly, counsel was motivated to conclude the case as quickly as possible.  The Ninth Circuit, however, has already rejected the notion that an "actual conflict of interest" exists simply due to the "theoretical conflict that exists between an attorney's personal fisc and his client's interests." *Washington v. Lampert*, 422 F.3d at 872.  For if this were enough to create an actual conflict, then attorneys appearing pro bono would always be ineffective. *Id*.  Even if trial counsel believed he was

- 6 -

entitled to more money, he was not laboring under an actual conflict of interest as a matter of law. *Id*.

Berrones further argues that because the plea agreement offered him no real advantage over continuing with the trial, counsel's advice to accept the plea is evidence that he was not acting in Berrones's best interests. Counsel's advice to accept the plea was therefore a cynical attempt to resolve the action as economically as possible. *See* (Doc. 17, p. 7)

As the state court of appeals noted, however, the plea agreement provided Berrones the very real benefit that his sentences would run concurrently "when he arguably could have faced consecutive sentences had he been convicted after trial." (Doc. 16-1, p. 7) The plea agreement provided Berrones with a real sentencing benefit. Accordingly, counsel's advice to accept the plea is not evidence that he was putting his financial interests before his client's legal interests.

The court of appeals analyzed this claim and denied it on the merits. There is nothing in the record to support Berrones's belief that counsel was laboring under an actual conflict or that counsel's performance was deficient because he wanted to conclude the trial as soon as possible for personal financial reasons. The decision of the Arizona Court of Appeals denying relief on this claim was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d).

In Claim (1)(e), Berrones argues counsel was ineffective for failing to put his plea agreement into writing. He does not, however, identify what prejudice he suffered due to this error. In his reply brief, he asserts that failure to reduce the plea to writing created confusion and necessitated a resentencing. (Doc. 17, p. 6) Assuming he is correct, the trial court has already conformed the sentence to the parties' expectations and Berrones has suffered no prejudice. The decision of the Arizona Court of Appeals denying relief on this claim was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d); (Doc. 16-1, p. 7)

In Claim (1)(f), Berrones argues counsel was ineffective for failing to request a mitigation hearing at sentencing. The state court of appeals denied the claim because Berrones failed to specify what evidence he would have presented at such a hearing which "was not

adequately presented in the presentence report, counsel's sentencing memorandum, and the letters submitted for his sentencing." (Doc. 16-1, p. 8) Moreover, Berrones cannot show that counsel's failure resulted in a harsher sentence. Berrones shows neither deficient performance nor prejudice. The decision of the Arizona Court of Appeals denying relief on this claim was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d); (Doc. 16-1, p. 7)

In Claim (6), Berrones argues generally that counsel was ineffective at sentencing and he was confused about the content of the plea agreement. (Doc. 1, p. 11) The state court of appeals, however, found that "the trial court advised Berrones during his plea colloquy of the sentencing range he would face upon pleading guilty." (Doc. 16-1, p. 7) Accordingly, his claim is directly contradicted by the record.

The decision of the Arizona Court of Appeals denying relief on this claim was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d); (Doc. 16-1, p. 7)

Finally, in Claim (8), Berrones argues his post-conviction relief attorneys rendered ineffective assistance because they did not secure the entire record before conducting their evaluation of his case. The court assumes, without deciding, that an IAC claim against counsel in a Rule 32 of-right proceeding is cognizable. *But see* 28 U.S.C. § 2254(i).

The respondents argue this claim was not properly exhausted. Assuming they are correct, this court may nevertheless deny the claim on the merits. 28 U.S.C. § 2254(b)(2).

Berrones does not explain what meritorious issues his attorneys failed to uncover as a result of their error. (Doc. 1, p. 12) Accordingly, he does not show how he was prejudiced by this alleged error. Counsel were not ineffective.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without leave of court.

DATED this 20th day of July, 2015.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge